UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLOTTE CORRAL,<br><br>    Plaintiff,<br><br>  v.<br><br>MICHAEL J. ASTRUE, Commissioner,<br>Social Security Administration<br><br>    Defendant. | No. C-06-5154 SC<br><br>ORDER GRANTING<br>DEFENDANT'S CROSS-<br>MOTION FOR SUMMARY<br>JUDGMENT |

## I. INTRODUCTION

Plaintiff Charlotte Corral ("Claimant") filed this action against Defendant, Commissioner of the Social Security Administration ("Defendant" or "SSA"), under 42 U.S.C. § 405(g), seeking judicial review of the SSA's decision to deny Social Security payments.

Claimant now moves for summary judgment, arguing that the Administrative Law Judge ("ALJ") committed legal errors in reaching his decision. Defendant responded with a cross-motion for summary judgment, seeking a final dismissal of the case. For the reasons stated herein, the Court hereby DENIES Claimant's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

## II. BACKGROUND

Claimant filed concurrent applications for Social Security

Disability Insurance Benefits and Supplemental Security Income on February 3, 2003, asserting that she became disabled on September 1, 2002. See Administrative Record ("AR") at 21, 71-73. After the SSA denied these claims, Claimant requested a hearing, which was held on February 14, 2005 before ALJ Donald Rector. See AR at 62-65. The ALJ rendered an unfavorable decision and the Appeals Council subsequently denied Claimant's request for review on June 23, 2006. See AR at 18-33, 6-8.

The ALJ found that Claimant had numerous physical and mental impairments including chronic neck pain, possible cervical disc disease, shoulder pain, elbow pain, chronic lower back pain, possible lumbar disc disease, and major depression. See AR at 32. Having considered Claimant's health problems, the ALJ determined that Claimant still retained the residual functional capacity to perform a significant number of jobs in the national and local economy. See AR at 32-33. As a result, the ALJ determined that Claimant was not disabled and thus not eligible for Social Security payments. See AR at 33.

### III. LEGAL STANDARD

The Court will reverse the SSA's decision to deny Social Security benefits only if the ALJ's decision "is not supported by substantial evidence or it is based on legal error." Burch v. Barnhart, 400 F.3d 676, 679 (9th Cir. 2005) (internal quotation omitted). "Substantial evidence is more than a mere scintilla but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

1  Sandgathe v. Charter, 108 F.3d 978, 980 (9th Cir. 1995) (internal
2  quotation omitted).  Credibility determinations of witness
3  testimony are left to the ALJ, Lewis v. Apfel, 236 F.3d 503, 509
4  (9th Cir. 2001), but like all findings of fact they must be
5  supported by substantial evidence in the record.  See Cequerra v.
6  Sec'y of Health and Human Serv., 933 F.2d 735, 738 (9th Cir.
7  1991).  Finally, "[a] decision of the ALJ will not be reversed for
8  errors that are harmless," Burch, 400 F.3d at 679.  The Court
9  must "consider the record as a whole weighing both the evidence
10 that supports and the evidence that detracts from the Secretary's
11 conclusion."  Desrosiers v. Sec'y of Health and Human Serv., 846
12 F.2d 573, 576 (9th Cir. 1988).  A reviewing court has "the power
13 to enter, upon pleadings and transcript of the record, a judgment
14 affirming, modifying, or reversing the decision of the
15 Commissioner of Social Security, with or without remanding the
16 cause for a rehearing."  42 U.S.C. 405(g).

17 As with any motion for summary judgment, the movant "always
18 bears the initial responsibility of informing the District Court
19 of the basis for its motion, and identifying those portions of the
20 pleadings, depositions, answers to interrogatories, and admissions
21 on file, together with the affidavits, if any, which it believes
22 demonstrate the absence of a genuine issue of material fact."
23 Celotex v. Catrett, 377 U.S. 317, 323 (1986).

25 **IV.  DISCUSSION**

26 Claimant asserts that the ALJ's decision is not supported by
27 substantial evidence because 1) the ALJ used improper hypothetical

3

questions and 2) the record contains inconsistent statements regarding Claimant's mental condition. See Pl.'s Mot. for Summary J., 16-17. Both of Claimant's assertions are without merit.

Claimant takes issue with the hypothetical questions posed by the ALJ to the Vocational Expert. See id. at 17-18. Specifically, Claimant characterizes the hypothetical questions as ambiguous and incomplete. See id. Proper hypothetical questions from the ALJ "must outline the limitations of the particular claimant." DeLorme v. Sullivan, 924 F.2d 841, 850 (9th Cir. 1991). Having reviewed the transcript of the proceedings, the Court finds that the ALJ's questions to the Vocational Expert properly incorporated Claimant's physical and mental impairments. See AR at 497-505.

The ALJ began by discussing Claimant's physical impairments, including limitations relating to postural activities, reaching, and lifting and carrying approximately 20 pounds. See AR at 498. The ALJ then characterized Claimant's mental impairments stemming from depression. See AR at 498-499. He stated that "her depression would interfere with her ability to fully deal with changes in a routine work setting," but that "she is able to fully deal with changes in a routine work setting on a frequent basis." AR at 499. Stated another way, "she's going to occasionally have problems dealing with changes in a routine work setting." Id. The dialogue between the ALJ and Vocational Expert outlines the limitations of the Claimant and thus satisfies the DeLorme standard. See 924 F.2d at 850.

Claimant also asserts that the ALJ made inconsistent

1  statements regarding her mental condition, precluding a finding
2  that the SSA decision is supported by substantial evidence.  See
3  Pl.'s Mot. for Summary J., 16-17.  During the examination of the
4  Vocational Expert, the ALJ stated that Claimant's depression would
5  cause her "<u>to occasionally have problems</u> dealing with change in a
6  routine work setting."  AR at 499 (emphasis added).  By contrast,
7  in the ALJ's decision, he states that Claimant's "major depression
8  <u>only frequently interferes with</u> her ability to fully adjust to
9  routine changes in work or work setting."  AR at 29, 32 (emphasis
10 added).  Despite Claimant's assertions, this inconsistency does
11 not warrant remand.  A court must "consider the record as a whole,
12 weighing both evidence that supports and evidence that detracts
13 from the Secretary's conclusion."  <u>Penny v. Sullivan</u>, 2 F.3d 953,
14 956 (9th Cir. 1993).  In context of the entire administrative
15 record, the ALJ's potentially inconsistent statements appear to be
16 no more than a drafting error.  The ALJ examined the opinions of
17 several mental health professionals before arriving at a
18 conclusion regarding Claimant's mental ability to work.  <u>See</u> AR at
19 25-27.  The ALJ interpreted the diagnoses to demonstrate that
20 although Claimant had been diagnosed with depression, it was
21 controlled through medication.  <u>See</u> AR at 26.  As a result,
22 Claimant's moderate psychiatric symptoms did not prevent her from
23 working and she would be able to perform jobs at a "light,
24 unskilled exertional level."  AR at 31.  In making this
25 determination, the ALJ gave controlling weight to the opinion of
26 the consulting examiner and assessments of Claimant's various
27 treating physicians.  <u>See</u> AR at 30.  Substantial evidence exists
28

5

in the record to support the conclusion that Claimant was capable of working despite occasional difficulties.  Thus, the ALJ's decision was proper as a matter of law.

**V.  CONCLUSION**

For the reasons described herein, the Court DENIES Plaintiff's Motion for Summary Judgment and GRANTS Defendant's Cross-Motion for Summary Judgment.

IT IS SO ORDERED.

Dated: April 12, 2007



UNITED STATES DISTRICT JUDGE

6